WILLIAM SPERB, JR., Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY et al., Appellants.

ANNIE C. SPERB, Respondent, *v.* THE SAME, Appellants.

In an action by an owner of premises fronting on an avenue in the city of New York, to restrain certain elevated railroad companies from maintaining and operating their road in said avenue and for damages, the court found that the rentals of the premises, which were used principally for business purposes, had greatly increased since the erection and operation of the road; that it brought a large number of people into and increased the traffic upon the avenue, and that its effect was advantageous to the premises and produces a special benefit to the same for business purposes. The court was then requested but refused to find that the easements taken or interfered with, aside from consequential damages, were only of nominal value, that the benefits resulting from the railroad to the premises should be offset against any consequential damages to the same caused by the maintenance and operation of the road, and that plaintiff was not entitled to recover any greater sum than the balance after such deduction as damages to the use of the premises. *Held*, error.

(Argued February 7, 1893; decided February 28, 1893.)

APPEALS from judgments of the General Term of the Superior Court of the city of New York, entered in the first above-entitled action upon an order made February 5, 1892, which modified and affirmed as modified a judgment in favor of plaintiff, entered upon the report of a referee and in the second above-entitled action upon an order made February 1, 1892, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This was an action by abutting owners of property on Sixth avenue in the city of New York to restrain the operation and maintenance by defendants of their road in said street and for damages.

The following is the opinion in full:

"William Sperb, Jr., owns lot No. 926 and Annie C. Sperb lot No. 924 Sixth avenue, in the city of New York. Both lots are near Fifty-second street, and each party brought an action to recover damages on account of the construction, maintenance and operation of the elevated railway through the avenue, and prayed judgment for damages and an injunction. Each recovered $1,457 for rental damages and $2,350 for fee damages. The findings in both actions are substantially the same. The damages were awarded, although the referee found 'that in the year 1875, and before the defendants' said elevated railroad structure was erected in front thereof, the rent of said premises known as No. 926 Sixth avenue, fell to the sum of $2,400;' 'that the present rentals produced by said premises known as No. 926 Sixth avenue are $2,784 per annum;' 'that the rentals of the stores in said premises known as No. 926 Sixth avenue has increased since the maintenance and operation of the defendants' said railroad in front thereof, forty per cent and upwards;' 'that the maintenance and operation of defendants' said railroad on said Sixth avenue, brings a large number of persons daily into the said Sixth avenue, in the immediate neighborhood of the premises known as No. 926 Sixth avenue, and increases the traffic in and upon the said Sixth avenue at this point;' 'that the effect of the proximity of the defendants' said railroad on the said Sixth avenue, in front of the premises known as No. 926 Sixth avenue, is advantageous to the business por-

tion of said premises, and produces a special benefit to the same for business purposes.'

"After a careful reading of the evidence we are not satisfied that the two lots received any damage whatever from the construction, maintenance and operation of the road. The learned referee may have reached his conclusion by the misapprehension and misapplication of the rules of law laid down by this court, particularly in *Newman* v. *Elevated R. Co.* (118 N. Y. 618) and *Bohm* v. *The Same* (129 id. 576). We are constrained to believe that he did by further noticing his refusal to find the following facts, as requested by the defendants:

"'That the easements, if any, appurtenant to plaintiff's premises known as No. 926 Sixth avenue, and taken or interfered with by defendants' railway, besides any consequential damages, if any, to said premises from the taking of the same, have in themselves only a nominal value.'

"And to make the following findings of law as requested by them:

"'That the benefits resulting from the defendants' railroad to the business portion of the premises known as No. 926 Sixth avenue, and peculiar thereto, should be offset against any consequential damages accruing to the said property from the maintenance and operation of defendants' said railroad in front thereof.'

"'That the plaintiff is not entitled to recover any greater sum as damages to the use of the premises in suit than the net amount of the consequential injury thereto after setting off the value of the special benefit accruing to the said property from the said railroad against any injury and inconvenience therefrom.'

"These latter requests embody correct principles of law as laid down in the cases above cited, and were rendered pertinent by the findings of fact above quoted; and in view of the facts appearing in the record, we must infer that those principles were not properly applied by the referee, and that the defendants were deprived of the full benefit of them.

"For these errors the judgment in each case should be reversed and a new trial granted, costs to abide event."

*Samuel Blythe Rogers* for appellants.

*Edwin M. Felt* for respondents.

EARL, J., reads for reversal.
All concur.
Judgment reversed.